J-A27028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVAR SHARIFF COFFIELD | : | |
| | : | |
| Appellant | : | No. 456 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003579-2020

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 20, 2024**

Appellant Lavar Shariff Coffield appeals from the judgment of sentence imposed following his conviction for possession of a firearm prohibited,[1] a violation of the Uniform Firearms Act (VUFA).  Appellant's counsel Alexander D. Egner (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  After review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.[3]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[3] We note that Counsel failed to formally enter his appearance after this Court issued an order directing him to do so on April 18, 2023.  However, in the interest of judicial economy, and because Counsel filed a brief and a docketing

*(Footnote Continued Next Page)*

By way of background, on July 6, 2021, Appellant and Kiersten Falcon rented a hotel room at the Eden Resort & Suites in Lancaster County. Appellant and Ms. Falcon subsequently left the hotel and entered Ms. Falcon's vehicle in the parking lot. At that time, members of the Police Fugitive Apprehension unit and Pennsylvania State Parole stopped behind Ms. Falcon's vehicle and arrested Appellant on an active warrant. After the officers retrieved Appellant's backpack and recovered a loaded gun from Appellant's waistband, Appellant was charged with VUFA.

Appellant filed a pre-trial motion to suppress the backpack recovered from the vehicle, which the trial court denied. At Appellant's first trial in June of 2022, the Commonwealth presented testimony from the officers who recovered the firearm from Appellant's waistband. The Commonwealth also presented testimony from Ms. Falcon, the woman who accompanied Appellant to the hotel. Ms. Falcon testified that she did not see a gun in Appellant's possession in the hotel room. *See* N.T. Trial, 6/21/22 & 6/22/22, at 80. Ultimately, the trial court declared a mistrial after the jury failed to reach a verdict. *Id.* at 152.

The matter proceeded to a second jury trial on November 9, 2022. The Commonwealth again presented State Parole Agent Ryan Patterson and

statement in this matter, we will regard as done that which ought to have been done and deem Counsel to be Appellant's current counsel of record. However, we note our displeasure Counsel's failure to comply with this Court's directive and remind Counsel of his duty to comply with Pa.R.A.P. 120 and this Court's orders in future matters. *See* Pa.R.A.P. 120 (requiring counsel to enter an appearance with the prothonotary of the appellate court).

Trooper Justin Dembowski, who testified that a firearm was recovered from Appellant's waistband when he was taken into custody on the date of his arrest. *See* N.T. Trial, 11/9/2022, at 112. The Commonwealth then presented testimony from Ms. Falcon, who stated that she saw a firearm "when [Appellant] laid all of his belongings on the counter" inside of the hotel room. *Id.* at 92.

On cross-examination, Ms. Falcon admitted that she lied during Appellant's first trial when she stated that she did not see a gun in the hotel room. *Id.* at 98-100. On re-direct, Ms. Falcon confirmed that after she was called to testify at Appellant's new trial, she told the District Attorney's Office that she "had been untruthful" at the first proceeding because she was "scared." *Id.* at 106. Ms. Falcon also stated that her current testimony had been truthful and that no one had "threatened, forced, [or] coerced" her to testify. *Id.* at 105-07. During re-cross, trial counsel elicited testimony establishing that although Ms. Falcon lied under oath at the first trial, she had not been prosecuted for perjury nor had she been informed about possible perjury charges by anyone the District Attorney's Office. *Id.* at 107-08.

Ultimately, the jury found Appellant guilty on the VUFA charge. Prior to sentencing, the trial court ordered a pre-sentence investigation (PSI) report. On January 17, 2023, the trial court sentenced Appellant to six to twelve years'

incarceration. Appellant filed a motion to reconsider,[4] which the trial court denied.

Appellant filed a timely notice of appeal. The trial court subsequently granted trial counsel's motion to withdraw and appointed Counsel on Appellant's behalf. Counsel filed a Pa.R.A.P. 1925(c)(4) statement indicating his intent to file an **Anders**/**Santiago** brief.

Counsel has identified five issues in the **Anders**/**Santiago** brief,[5] which we summarize as follows:

1. Suppression of a firearm recovered during Appellant's arrest.

2. The validity of Appellant's arrest.

3. Arresting authority of state parole agents, state police troopers and deputized federal marshals.

4. The Commonwealth's failure to bring the case to trial within 120 days of the mistrial.

5. Inconsistent testimony of witness Kiersten Falcon.

**Anders**/**Santiago** Brief at 9-15.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d

---

[4] Therein, Appellant argued that his sentence was "excessive and not justified under the guidelines." **See** Mot. to Reconsider, 1/23/23, at 1.

[5] We note that Counsel's **Anders**/**Santiago** brief does not contain a statement of questions presented as required by the Rules of Appellate Procedure. See Pa.R.A.P. 2111(a)(4), 2116. We derive these issues from the headings of the argument section of Counsel's **Anders**/**Santiago** brief.

379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter notifying Appellant of his intent to withdraw, explaining his appellate rights, and informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issues presented in Counsel's **Anders**/**Santiago** brief.

In his **Anders** brief, Counsel identifies claims including a violation of Pa.R.Crim.P. 600 and suppression issues relating to the validity of Appellant's arrest and the firearm recovered from Appellant at the time of his arrest. **See**

*Anders*/*Santiago* Brief at 9-15.  Counsel explains the basis for relief on each of these claims, but ultimately concludes that the issues are frivolous because they were not properly preserved before the trial court.

With respect to waiver, this Court has explained:

> Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate review.  "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).  This requirement bars an appellant from raising a new and different theory of relief for the first time on appeal.

*Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (some citations omitted and some formatting altered).  When an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

Here, the record confirms that although trial counsel filed a motion to suppress, the motion did not include any claims related to the firearm or challenge the validity of Appellant's arrest by parole agents.  *See* Mot. to Suppress, 12/14/2020 (challenging the subsequent search of Appellant's backpack in Ms. Falcon's vehicle following his arrest).  Additionally, Appellant did not file a Rule 600 motion.  Therefore, these claims are waived.  *See Phillips*, 141 A.3d at 522.  Accordingly, we agree with Counsel's assessment that these issues are frivolous.  *See Kalichak*, 943 A.2d at 291 (concluding that a claim is frivolous if the defendant waives the issue for appellate review).

Counsel also identifies a claim that Ms. Falcon's trial testimony was inconsistent with her prior statements and that her testimony was allegedly

coerced by the District Attorney's office. ***Anders***/***Santiago*** Brief at 10. Counsel notes that Appellant's trial counsel "did address the inconsistent statements and motives" of the witness at trial and focused on those inconsistencies during closing arguments. ***Id.*** Further, Counsel explains that, to the extent Appellant "wants to challenge [the] witness's testimony with new evidence not available at trial," it has not been preserved for this Court's review. ***Id.*** at 7.

It is well settled that a challenge to a witness's credibility goes to the weight of the evidence. ***See Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003). Here, because Appellant did not preserve a challenge to the weight of the evidence before the trial court, he waived that claim on appeal.[6] ***See*** Pa.R.Crim.P. 607(A) (explaining claim that verdict is against weight of evidence shall be raised with trial judge in motion for new trial orally before sentencing, by written motion before sentencing, or in post-sentence motion). Therefore, we agree with Counsel's assessment that this claim is frivolous.

Finally, we must conduct an independent review of the record to confirm that there are no additional, non-frivolous issues preserved in this appeal. ***See Goodwin***, 928 A.2d at 292. As noted previously, Appellant filed a post-sentence motion for reconsideration in which he claimed that his sentence was

---

[6] We further note that trial counsel cross-examined Ms. Falcon concerning her inconsistent statements and her motivation for testifying at trial. The trial court did not limit the scope of trial counsel's cross-examination or prevent trial counsel from highlighting those inconsistencies during closing arguments.

"excessive and not justified under the guidelines." **See** Mot. for Reconsideration, 1/23/23, at 1. Appellant's claim relates to the discretionary aspects of his sentence.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

For purposes of our review, we accept that Appellant has met the first three requirements of the above test.[7] Therefore, we must determine whether Appellant has raised a substantial question.

---

[7] This Court has explained that in cases where counsel has filed an **Anders**/**Santiago** brief, we will review a discretionary sentencing claim "even absent a separate Pa.R.A.P. 2119(f) statement" and "do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [the a]ppellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015); **see also Commonwealth v. Bynum-Hamilton**, 135 A.3d 179 (Pa. Super 2016) (stating that the appellant's failure to file a separate Rule 2119 statement where counsel has sought to withdraw does not preclude review of whether the appellant's issue is frivolous).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

The record reflects that at the time of sentencing, Appellant's prior record score was a five and the offense gravity score for VUFA was eleven. Therefore, the standard minimum guideline sentence was six to seven and a half years of incarceration, plus or minus twelve months for aggravating or mitigating circumstances. ***See*** 204 Pa.Code § 303.16(a). As such, Appellant's six-to-twelve-year sentence was within the standard-guideline range. ***See id.***

In his post-sentence motion, Appellant argued that his sentence was "excessive and not justified under the guidelines." ***See*** Mot. to Reconsider, 1/23/23, at 1. However, Appellant did not specify why his sentence was inconsistent with the sentencing guidelines or what underlying circumstances rendered the sentence "excessive." ***See Commonwealth v. Hornaman***, 920 A.2d 1282, 1284 (Pa. Super. 2007) (general assertions that a sentence is "manifestly excessive" or "clearly unreasonable" do not establish a substantial question, especially where the sentence in question is at the low end of the standard range). Therefore, because Appellant has failed raise a substantial

question for review, we conclude that his sentencing claim is frivolous.[8]  ***See id.***; ***see also Kalichak***, 943 A.2d at 291.

Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal.  ***See Goodwin***, 928 A.2d at 292.  Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/20/2024

_____

[8] In any event, the record reflects that the trial court had the benefit of a PSI report, considered the relevant sentencing factors, and imposed a sentence within the guideline range.  ***See Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (noting that "[w]here a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"); ***see also Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (explaining that "[w]hen imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant").  Therefore, even if Appellant presented a substantial question, he would not be entitled to relief.